UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUNOPTA, INC. and SUNOPTA BIOPROCESS INC., | ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) Case No. 4:08CV78 JCH ) |
| ABENGOA BIOENERGY NEW TECHNOLOGIES, INC., f/k/a ABENGOA BIOENERGY R & D, INC., and DAVID WEIDONG HE, | ) ) ) ) ) |
| Defendant(s). | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant David Weidong He's ("Weidong He") Motion to Compel Arbitration or, in the Alternative, to Stay All Court Proceedings, filed February 27, 2008. (Doc. No. 42). The matter is fully briefed and ready for disposition.[1]

## **BACKGROUND**[2]

At all relevant times, Plaintiffs SunOpta, Inc. and SunOpta BioProcess Inc. (collectively "SunOpta") owned and marketed proprietary fiber preparation and fiber pretreatment technology, including unique steam explosion technology, useful in biomass processing applications, including the conversion of lignocellulosic biomasses into cellulosic ethanol. (Amended Complaint ("Complaint"

---

[1] In a separate Memorandum and Order addressing Defendant Abengoa Bioenergy New Technologies, Inc's Motion to Dismiss and Compel Arbitration, this Court held Count V of Plaintiffs' Amended Complaint against both Abengoa and Weidong He should be stayed pending arbitration. The Court thus addresses only Counts I and IV against Weidong He in the instant Memorandum and Order.

[2] The majority of the Court's background section is taken from Plaintiffs' Amended Complaint, to which Weidong He has not yet filed an Answer.

or "Compl."), ¶ 3). Defendant Abengoa Bioenergy New Technologies, Inc. ("Abengoa"), is in the business of building, financing and owning starch and cellulosic-based ethanol production facilities. (Id., ¶ 4).

In April, 2000, SunOpta hired Defendant Weidong He as a Process Development Manager. (Compl., ¶ 62). Weidong He was later promoted to Senior Manager, and then to Marketing and Sales Manager of the People's Republic of China in SunOpta's Steam Explosion Technology Division. (Id.). In that capacity, Weidong He was charged with managing the company's laboratory and pilot-plant facilities, and assisting in the development of SunOpta's fiber preparation and pretreatment technology. (Id.). According to SunOpta, Weidong He was entrusted with some of SunOpta's most prized intellectual property and trade secret information, including its confidential processing systems and mechanical technology. (Id., ¶¶ 6, 62).

In the course of his employment with SunOpta, Weidong He signed several agreements under which he promised not to disclose or misappropriate SunOpta's trade secrets and confidential information during his employment or at any time thereafter. (Compl., ¶ 70). Specifically, on or about April 5, 2000, Weidong He agreed to be bound by the terms of the Agreement as to Confidential Information and Property Rights ("Agreement to Confidential Information").[3] In the Agreement to Confidential Information, Weidong He covenanted that he would not, "while an employee or associate of [SunOpta], nor at any time thereafter, directly or indirectly divulge to any person, firm or corporation any invention, process, techniques, service, marketing information of [SunOpta] or any other confidential information, patent, copyright, trade mark or trade secret acquired as a result of his employment or association or in the course of his employment or

---

[3] A copy of the Agreement to Confidential Information is attached to SunOpta's Complaint as Confidential Exhibit G.

association." (Agreement to Confidential Information, ¶ 2(a)). The Agreement to Confidential Information further provided that all materials, documents, inventions or other information created at SunOpta or in the course of Weidong He's employment remained the "exclusive property" of SunOpta. (Compl., ¶ 74). Weidong He also agreed to abide by the terms and conditions of SunOpta's Business Ethics and Conduct Policy[4], and its Employee Confidentiality and Inventions Assignment Agreement ("Employee Confidentiality Agreement")[5], both of which contained confidentiality provisions. None of the agreements contained an arbitration provision. (Plaintiffs' Response to Defendant Weidong He's Motion to Compel or, Alternatively, to Stay Court Proceedings, P. 2).

In September, 2006, SunOpta learned that Weidong He may have disclosed confidential information to a third party regarding technology SunOpta was developing. (Compl., ¶ 82). On or about September 25, 2006, SunOpta provided Weidong He with a Working Notice of Termination and Separation and Release ("Working Notice of Termination")[6], setting forth two options from which Weidong He could choose regarding the end of his employment with SunOpta. (Id., ¶ 87). Under Option A, Weidong He would remain employed at SunOpta for six months, in order to manage an ongoing project for the China Resources Alcohol Corporation, China's second largest ethanol producer. (Id., ¶¶ 81, 88).[7] Under Option B, Weidong He's employment with SunOpta would

---

[4] A copy of the Business Ethics and Conduct Policy is attached to SunOpta's Complaint as Confidential Exhibit H.

[5] A copy of the Employee Confidentiality Agreement is attached to SunOpta's Complaint as Confidential Exhibit I.

[6] A copy of the Working Notice of Termination is attached to SunOpta's Complaint as Confidential Exhibit J.

[7] In connection with Option A, Weidong He was reminded of his, "strict obligations relating to confidentiality, proprietary intellectual property of SunOpta, non-competition and others as set out in SunOpta's company policies." (Working Notice of Termination, P. 2).

terminate immediately. (Id., ¶ 90). Weidong He chose Option A, and continued his employment with SunOpta until March 31, 2007. (Id., ¶ 91).

According to SunOpta, on or about April 1, 2007, Weidong He joined Abengoa as a Research and Development Engineer, to assist Abengoa with the development of its fiber preparation and pretreatment lines. (Compl., ¶ 92). SunOpta maintains that as the former Senior Manager of SunOpta's Steam Explosion Technology Division, Weidong He was intimately involved with the invention, development and implementation of SunOpta's fiber preparation and pretreatment technology, and that in his current position at Abengoa, Weidong He inevitably will disclose and rely on SunOpta's confidential information and trade secrets to help Abengoa develop its own fiber preparation and pretreatment technology. (Id., ¶ 93).[8]

SunOpta filed its original Complaint against Defendants Abengoa and Weidong He under seal on January 17, 2008. (Doc. No. 1).[9] In its Amended Complaint, filed February 19, 2008, SunOpta asserts the following claims for relief: Misappropriation of Trade Secrets against all Defendants (Count I); Breach of Contract against Abengoa (Count II); Tortious Interference with Contract against Abengoa (Count III); Breach of Contract against Weidong He (Count IV); Civil Conspiracy against all Defendants (Count V); and Tortious Interference with Contract against Abengoa (Count VI). (Compl., ¶¶ 118-166). SunOpta seeks preliminary and permanent injunctive relief, together with an award of compensatory and punitive damages. (Id., PP. 40-42).

---

[8] SunOpta alleges Weidong He already has used and disclosed SunOpta's confidential information and trade secrets for the benefit of Abengoa and other third parties during the course of his employment at Abengoa. (Compl., ¶ 96).

[9] That same day, SunOpta filed under seal Motions for Preliminary Injunction and for Expedited Discovery and to Preserve Evidence. (Doc. Nos. 7, 9).

On February 19, 2008, Abengoa filed a Motion to Dismiss and Compel Arbitration. (Doc. No. 33). As support for its claim that the disputes between SunOpta and Abengoa must be resolved through binding arbitration, Abengoa relies on arbitration provisions contained in two contracts between the parties, as follows:

> The Parties hereto shall use their best efforts to resolve by mutual agreement any disputes, controversies or differences which may arise from, under, out of or in connection with this Agreement. If the Parties are unable to resolve any such disputes, controversies or differences, the matter shall be finally and conclusively settled by a single arbitrator in a binding arbitration proceeding conducted in St. Louis, Missouri in accordance with the then existing Commercial Arbitration Rules of the American Arbitration Association (or any successor thereof).

(Subcontract Agreement[10], ¶ 34; Technology Development Agreement("TDA")[11], ¶ 11).

On February 27, 2008, Weidong He filed the instant Motion to Compel Arbitration or, in the Alternative, to Stay All Court Proceedings. (Doc. No. 42).[12] In his motion, Weidong He maintains arbitration of SunOpta's claims against him should be compelled, as the claims are legally and factually intertwined with the claims subject to mandatory arbitration between SunOpta and Abengoa. (Id., ¶ 5). Alternatively, Weidong He asserts the risk of inconsistent rulings, the extent to which the parties will be bound by the arbitrator's decision, and the absence of prejudice support granting a discretionary stay of any non-arbitrable claims against Weidong He. (Id., ¶ 6).

## DISCUSSION

**I.    Should The Court Compel Arbitration Of SunOpta's Claims Against Weidong He?**

---

[10] A copy of the Subcontract Agreement is attached to SunOpta's Complaint as Confidential Exhibit C.

[11] A copy of the TDA is attached to SunOpta's Complaint as Confidential Exhibit D.

[12] On February 25, 2008, Weidong He filed his Joinder in Abengoa's Motion to Compel Arbitration and to Dismiss or, Alternatively, to Issue a Stay of Court Proceedings. (Doc. No. 41).

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AgGrow Oils, L.L.C. v. National Union Fire Ins. Co., 242 F.3d 777, 780 (8th Cir. 2001) (internal quotations and citation omitted). In the instant case, it is undisputed that the agreements between SunOpta and Weidong He do not contain arbitration provisions. Weidong He nevertheless asserts SunOpta's claims against him should be submitted to arbitration, based on the arbitration provisions in SunOpta's contracts with Abengoa.

Under Eighth Circuit law, "[a] nonsignatory can enforce an arbitration clause against a signatory to the agreement in several circumstances." CD Partners, LLC v. Grizzle, 424 F.3d 795, 798 (8th Cir. 2005).

> One is when the relationship between the signatory and nonsignatory defendants is sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided. Another is when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting [its] claims against the nonsignatory. When each of a signatory's claims against a nonsignatory makes reference to or presumes the existence of the written agreement, the signatory's claims arise out of and relate directly to the written agreement, and arbitration is appropriate.

CD Partners, 424 F.3d at 798 (internal quotations and citations omitted).

With these standards in mind, the Court turns to a discussion of SunOpta's remaining claims against Weidong He.

### A. Misappropriation Of Trade Secrets By Weidong He

In Count I of its Complaint, SunOpta asserts that information regarding its fiber preparation and pretreatment technology constitutes "trade secrets", because it derives independent economic value from not being generally known, and was subject to SunOpta's reasonable efforts to maintain its secrecy. (Compl., ¶ 119, citing Mo.Rev.Stat. § 417.453(4)). SunOpta continues to assert the following:

120. During the course of Weidong He's employment with SunOpta and in connection with Abengoa's performance under the Subcontract Agreement, TDA and other agreements, Weidong He and Abengoa were given access to SunOpta's confidential and proprietary information regarding its fiber preparation and pretreatment technology. Both Weidong He and Abengoa were under a duty to keep such information confidential and to not use such information to the detriment of SunOpta.

121. Upon information and belief, Weidong He misappropriated SunOpta's trade secret information by (a) disclosing it to Abengoa and by using it and relying on it as he assists Abengoa to develop its own fiber preparation and pretreatment technology and (b) designing certain technologies based on SunOpta's proprietary designs.

122. Abengoa misappropriated SunOpta's trade secret information by (a) copying the modified fiber preparation system described in the TDA and installing a nearly identical fiber preparation system at the York Plant; (b) copying the modified fiber preparation system in Salamanca, Spain and installing it at the York Plant; (c) copying and incorporating SunOpta's proprietary fiber preparation and pretreatment system into Abengoa's design for the Hugoton Plant and submitting that design in its confidential application to the DOE; and (d) incorporating SunOpta's proprietary technology into the technical design plan and process flow specification for the Hugoton Plant.

123. Both Weidong He and Abengoa have misappropriated SunOpta's trade secrets for their own benefit and for the benefit of third parties.

124. Because of Weidong He's specialized knowledge and access to the development and implementation of SunOpta's fiber preparation and pretreatment technology and because his current position at Abengoa requires him to develop Abengoa's own fiber preparation and pretreatment technology, it is inevitable that Weidong He will disclose SunOpta's trade secrets in the course of his employment with Abengoa.

(Compl, ¶¶ 120-124).

In a separate Memorandum and Order entered this day and incorporated here, this Court has compelled arbitration of the portion of Count I asserting wrongdoing on the part of Abengoa in connection with the Subcontract Agreement and the TDA. Upon consideration, the Court finds it appropriate to compel arbitration of Count I of SunOpta's Complaint with respect to allegations concerning Defendant Weidong He as well. Specifically, the Court finds the relationship between the

signatory and nonsignatory Defendants, i.e., Abengoa and Weidong He, to be, for purposes of Count I, "sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided." CD Partners, 424 F.3d at 798 (internal quotations and citations omitted). In other words, the Court finds that absent the ability to consider the confidential information Abengoa allegedly received from Weidong He, the arbitrator will be unable to render a complete ruling on whether Abengoa breached its duties under the Subcontract Agreement and/or the TDA. The Court will therefore grant Weidong He's Motion to Compel Arbitration with respect to Count I of SunOpta's Complaint, and stay consideration of the claim pending arbitration.

### B. Breach Of Contract

In Count IV of its Complaint, SunOpta asserts that Weidong He failed to perform his obligations under his contracts and agreements with SunOpta, by disclosing and using his knowledge of SunOpta's proprietary fiber preparation and pretreatment technology and its designs in his current employment position with Abengoa. (Compl, ¶¶ 145-150). Upon consideration, the Court will deny Weidong He's Motion to Compel Arbitration with respect to this Count, as the allegations rely on neither the close relationship between the signatory and nonsignatory Defendants, Abengoa and Weidong He, nor on SunOpta's written agreements with Abengoa containing the arbitration provisions. CD Partners, 424 F.3d at 798. Rather, SunOpta's breach of contract claim against Weidong He arises out of the agreements between those two parties, which admittedly contain no arbitration provisions. Weidong He's Motion to Compel Arbitration will therefore be denied with respect to Count IV of SunOpta's Complaint.

## II. Should The Court Stay SunOpta's Breach Of Contract Claim Against Weidong He Pending Arbitration Of Its Other Claims?[13]

In AgGrow Oils,, the Eighth Circuit held that non-signatories to an arbitration agreement, such as Weidong He here, are not entitled to a mandatory stay of litigation under Section 3 of the Federal Arbitration Act ("FAA").[14] See RBC Dain Rauscher Inc. v. Farmers State Bank of Northern Missouri, Inc., 2006 U.S. Dist. LEXIS 40997 at *6 (W.D. Mo. Jun. 20, 2006), citing AgGrow Oils, 242 F.3d at 782. The AgGrow Court continued to hold, however, that, "the district court has discretion to stay third party litigation [that] involves common questions of fact that are within the scope of the arbitration agreement." AgGrow, 242 F.3d at 782 (internal quotations and citations omitted). See also Contracting Northwest, Inc. v. City of Fredericksburg, 713 F.2d 382, 387 (8th Cir. 1983) (citations omitted) ("In any event, the district court had the inherent power to grant the stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it.").[15] In fact, "a discretionary stay may well be needed to further the strong federal policy favoring agreements to arbitrate." AgGrow, 242 F.3d at 782.

"In AgGrow, the Eighth Circuit noted that in complex, multi-party disputes, courts should weigh the following factors in determining whether to grant a discretionary stay of nonarbitrable

---

[13] In a separate Memorandum and Order, this Court has ordered all of SunOpta's claims against Abengoa stayed pending arbitration between the two parties.

[14] Section 3 of the FAA, 9 U.S.C. § 3, states in relevant part as follows: "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."

[15] In Contracting Northwest, the Eighth Circuit actually found Section 3 to be, "broad enough to permit the stay of litigation between nonarbitrating parties as long as that lawsuit is based on issues referable to arbitration under an arbitration agreement governed by the Arbitration Act." Id. at 387. This Court finds consideration of a discretionary stay of Count IV to be more appropriate in this case, however. RBC Dain Rauscher, 2006 U.S. Dist. LEXIS 40997 at *7.

claims in a case pending a related arbitration:  (1) the risk of inconsistent rulings; (2) the extent to which the parties will be bound by the arbitrators' decision; and (3) the prejudice that may result from a stay."  RBC Dain Rauscher, 2006 U.S. Dist. LEXIS 40997 at *7-8, citing AgGrow, 242 F.3d at 783.  Upon consideration of the foregoing factors, the Court finds a stay of Count IV to be appropriate in this case, for several reasons.  First, as described in detail above, the lawsuit and the arbitration clearly involve common questions of law and fact.  Contracting Northwest, 713 F.2d at 386.  The two proceedings would require many of the same witnesses, especially those associated with SunOpta and Abengoa, and much of the same evidence.  Id.  Thus, should it permit Count IV of this suit to proceed, this Court inevitably would be called upon to render rulings on legal and factual matters also pending before the arbitrator.  The Court therefore finds the risk of inconsistent rulings is high, and so factor one weighs in favor of staying Count IV.  RBC Dain Rauscher, 2006 U.S. Dist. LEXIS 40997 at *11-12.

With respect to the second factor, the Court already has ordered arbitration of SunOpta's Count I claims against Weidong He.  The Court thus finds the extent to which the parties will be bound by the arbitrator's decision to be high, and so, "considerations of judicial economy and avoidance of confusion and possible inconsistent results [] militate in favor of staying the entire action."  American Home Assurance Co. v. Vecco Concrete Construction Co., 629 F.2d 961, 964 (4th Cir. 1980), quoted with approval in Contracting Northwest, 713 F.2d at 387.

With respect to the final factor, the Court finds consideration of the prejudice involved weighs in favor of granting the stay.  The Court has considered the assertions of possible prejudice advanced by SunOpta.  The Court finds such potential prejudice outweighed by the prejudice  likely suffered by both Weidong He and Abengoa in the absence of the granting of a discretionary stay, for two reasons.  First, the Court finds that in the absence of a stay, Weidong He and Abengoa effectively

would be forced to litigate SunOpta's claims in two fora simultaneously. Second, if this suit were to advance more rapidly than the arbitration, SunOpta potentially would avoid at least in part its duty to arbitrate with Abengoa the issues covered by the Subcontract Agreement and the TDA. AgGrow, 242 F.3d at 783. Weidong He's Motion to Stay All Court Proceedings will therefore be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Weidong He's Motion to Compel Arbitration (Doc. No. 42) is **GRANTED** with respect to Count I of SunOpta's Complaint.

**IT IS FURTHER ORDERED** that Defendant Weidong He's Motion to Stay All Court Proceedings (Doc. No. 42) is **GRANTED**, and all SunOpta's claims against Weidong He are **STAYED** pending completion of the arbitration process.

**IT IS FURTHER ORDERED** that SunOpta's Motions for Preliminary Injunction and for Expedited Discovery and to Preserve Evidence (Doc. Nos. 7, 9) are **STAYED** with respect to Weidong He, pending completion of the arbitration process.

**IT IS FURTHER ORDERED** that SunOpta's Motion to Strike Untimely Declarations and Facts Submitted in Weidong He's Reply Memorandum or, Alternatively, for Leave to File a Sur-Reply (Doc. No. 55) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that SunOpta's Motion for Leave to File Exhibits to Murray J. Burke Declaration under Seal (Doc. No. 58) is **GRANTED**.

**IT IS FURTHER ORDERED** that SunOpta's Motion for Oral Argument (Doc. No. 59) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that this matter is set for a telephonic status conference on **Monday, September 29, 2008**, at **10:00 a.m.** SunOpta is to initiate the phonecall. Chambers' telephone number is (314) 244-7600.


Dated this 20th day of March, 2008.

                                                /s/ Jean C. Hamilton
                                                UNITED STATES DISTRICT JUDGE